IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| JEROME JACKSON, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| NANCY A. BERRYHILL, Deputy | *   No. 2:18cv00004-JJV |
| Commissioner for Operations, performing | * |
| the duties and functions not reserved to | * |
| the Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

## MEMORANDUM AND ORDER

Plaintiff, Jerome Jackson, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Mr. Jackson is young – only forty-three years old at the time of the administrative hearing. (Tr. 67.) He testified he went as far as the ninth or tenth grade in school. (*Id.*) He has no past relevant work. (Tr. 57.)

The Administrative Law Judge[1] (ALJ) found Mr. Jackson had not engaged in substantial gainful activity since June 18, 2015 - the alleged onset date. (Tr. 46.) He has "severe" impairments in the form of "back and right shoulder pain, schizophrenia, anxiety disorder (PTSD), personality disorder, borderline intellectual functioning (BIF), and depression." (*Id.*) Although he has "severe" impairments, the ALJ found Mr. Jackson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 49-52.)

The ALJ determined Mr. Jackson has the residual functional capacity to perform a reduced range of sedentary work given his physical and mental impairments. (Tr. 52.) Because Mr. Jackson has no past relevant work, the ALJ utilized the services of a vocational expert to determine

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

if jobs existed that Plaintiff could perform despite his impairments. Based on the testimony of the vocational expert (Tr. 81-84), the ALJ determined Mr. Jackson could perform the job of surveillance system monitor. (Tr. 58.) Accordingly, the ALJ determined Mr. Jackson was not disabled. (Tr. 58-59.)

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-40.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

Plaintiff argues the ALJ incorrectly determined he could perform sedentary work. (Doc. No. 13 at 46-49.) The main issue in this case is whether the ALJ properly considered Plaintiff's mental limitations. David Lee Webber, D.O., completed a General Physical Examination. (Tr. 559-563.) Although the examination was to determine Mr. Jackson's physical abilities, Dr. Webber reported that Plaintiff had "severe" limitations from his mental illness. (Tr. 563.) The ALJ considered Dr. Webber's opinions and found them "not to be persuasive." (Tr. 48.) The ALJ stated, "It would appear this physician has based much of his findings [] on the claimant's allegations rather than his own objective findings, which are minimal." (*Id.*) A close review of Dr. Webber's report supports the ALJ's conclusion in this regard. Dr. Webber does not state how he came to his conclusions and the report notes very little by way of any limitation upon examination. In comparison, Kenneth B. Jones, Ph.D., performed a Mental Diagnostic Evaluation and this evaluation was specifically to determine Mr. Jackson's mental abilities and limitations. (Tr. 554-557.) The ALJ concluded, "The undersigned has given great weight to this physician's opinions because they are supported by the evidence of record, especially when viewed longitudinally." (Tr. 56.) On its face, Dr. Jones's evaluation is more persuasive and provides a thorough basis for his conclusions that Plaintiff is capable of work activities so long as he continues

his prescribed course of mental health treatment.  (Tr. 557.)  Accordingly, I find the ALJ could discount Dr. Webber's opinion and fairly give great weight to Dr. Jones's opinions.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  Although Plaintiff clearly has some physical and mental limitations, I am unable to find reversible error here.

As to Plaintiff's argument regarding the hypothetical questions posed to the vocational expert (Doc. No. 13 at 49-50), I also find no error.  The ALJ fairly accounted for Mr. Jackson's borderline intellectual functioning when he asked the vocational expert to consider an individual who required work "where there is little contact with co-workers, and no dealing with the general public" and could "understand and perform simple, one or two step instructions, but not complicated or multi-step instructions."  (Tr. 82.)

Plaintiff has advanced other arguments which I have carefully considered and find are without merit.  Mr. Jackson's counsel has once again done an admirable job of advocating for her client.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of

the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is DISMISSED with prejudice.

DATED this 27th day of June, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE